■ Jerold R. Ruderman, as Assignee for Benefit of Creditors of Geer Dubois, Inc., Appellant, v Rosemary Adames et al., Respondents. [637 NYS2d 149] —Order, Supreme Court, New

York County (Charles Ramos, J.), entered February 2, 1995, which granted defendants' motion to dismiss plaintiff assignee's complaint for failure to state a cause of action, unanimously affirmed, without costs.

We affirm, although for reasons other than those stated by the IAS Court. The severance and vacation payments to defendants were on account of "antecedent debt" under Debtor and Creditor Law § 15 (6-a). Nevertheless, dismissal of the complaint for failure to state a cause of action was proper. The statute on which plaintiff sues (Debtor and Creditor Law § 15 [6-a]) allows recovery only of voluntary transfers by the insolvent debtor. Here, the debtor owed the money to the employees in compensation for services rendered, and indeed, would have been criminally liable under Labor Law § 198-c had it not made the payments. Thus, it cannot be said the transfer was voluntary (*see, Gillman v Chase Manhattan Bank*, 73 NY2d 1, 18).

We find no Federal Employee Retirement Income Security Act of 1974 preemption because the administration of a benefit plan is not implicated. Concur—Rosenberger, J. P., Wallach, Nardelli, Williams and Tom, JJ.